*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re HENDERSON/KEYS, Minors.

UNPUBLISHED
April 9, 2019

No. 345054
Wayne Circuit Court
Family Division
LC No. 15-519710-NA

Before: LETICA, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Respondent father appeals as of right the order terminating his parental rights to YH, ZH, and ZK under MCL 712A.19b(3)(a)(*ii*) (desertion for 91 or more days without seeking custody), (c)(*i*) (conditions that led to adjudication continue to exist), (c)(*ii*) (failure to rectify other conditions that cause the child to come within the court's jurisdiction), (g) (failure to provide proper care and custody), and (j) (reasonable likelihood of harm if returned to custody of the parent). We affirm.

Respondent first argues that the trial court erred by finding statutory grounds to terminate his parental rights. Respondent does not challenge the trial court's findings as to any particular statutory ground and, instead, generally asserts that petitioner failed to prove his unfitness as a parent. We disagree.

"This Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). To be clearly erroneous, a trial court's determination must be more than possibly or probably incorrect. *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011). "A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *Id*. In reviewing the trial court's determination, this Court must give due regard to the unique opportunity of the trial court to judge the credibility of those witnesses who appeared before it. *Id*.; see also MCR 2.613(C).

The trial court may terminate parental rights under MCL 712A.19b(3)(a)(*ii*) if it finds clear and convincing evidence that "[t]he child's parent has deserted the child for 91 or more days and has not sought custody of the child during that period." Consistent with the foster care

worker's testimony at the termination hearing, the trial court found that respondent had not visited or supported his children since December 2017. More than 91 days passed between December 2017 and the trial court's termination of respondent's parental rights on June 12, 2018. Thus, the trial court did not err by terminating respondent's parental rights under MCL 712A.19b(3)(a)(*ii*). "Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights, even if the court erroneously found sufficient evidence under other statutory grounds." *In re Ellis*, 294 Mich App at 32. Accordingly, we need not address the trial court's findings concerning the remaining statutory grounds.

Respondent also argues that termination of his parental rights was not in the best interests of the children. We disagree.

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The trial court's finding regarding best interests is reviewed for clear error. *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016). "A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *In re Ellis*, 294 Mich App at 33.

"The trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App at 713. In considering the child's best interests, the trial court's focus must be on the child and not the parent. *In re Moss*, 301 Mich App at 87. "[T]he court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App at 41-42 (citations omitted). "The trial court may also consider . . . the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App at 714. Furthermore, "a child's placement with relatives weighs against termination," *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010), and relative placement must be explicitly considered in evaluating the child's best interests, *In re Olive/Metts Minors*, 297 Mich App at 43.

Respondent's only participation in the lower court proceedings was to appear at the adjudicatory hearing and enter a plea of admission to the allegations in the petition. Respondent did not appear at any other hearings and completely failed to participate in any of the services that would have helped him reunite with the children. The last visit between respondent and the children that the foster care worker was aware of took place in December 2017, approximately six months before termination of his parental rights. Respondent failed to maintain contact with the foster care worker and, to the best of the foster care worker's knowledge, respondent continued to lack a legal source of income or appropriate housing by the time of the termination hearing. In contrast, the children were thriving in the care of their paternal grandparents and were familiar with and comfortable in that environment. The paternal grandparents were also open to adoption, which would provide the children with the stability and permanence they

deserved. In light of the foregoing, we find no clear error in the trial court's conclusion that termination of respondent's parental rights was in the children's best interests.

Affirmed.

/s/ Anica Letica
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra